## A. J. McGown v. W. H. Randolph.

The defendants executed to the plaintiff their written instrument, as follows: "We this day release W. H. Randolph from the Advocate and Presbyterian office in toto, without any charges ever after this to be brought against him. The office is now indebted to him two hundred and eighty dollars and forty-two cents, to be paid in arrangements that he can make or collect." The court below instructed the jury that, besides releasing the plaintiff from liability, this instrument was an acknowledgment of indebtedness by the defendants to the plaintiff of the sum specified, and an agreement that the plaintiff should be paid out of the assets of the office; and that it implied an obligation on the defendants to put the assets in the plaintiff's hands so that he might arrange or collect them; and that on default in doing so upon the plaintiff's demand, the defendants became liable for the amount specified. *Held*, that the instruction was correct.

It is competent under the satute (O. & W. Dig., art., 475, 479,) for the plaintiff to propound interrogatories to one only of several defendants.

The answers of one of several defendants, so obtained, are admissible in evidence against all the defendants; and are entitled to the same weight, when unimpeached, as the testimony of any other witness.

Where the answers of one of the defendants are required by the plaintiff, the other defendants have the right to propound cross-interrogatories.

Error from Walker. Tried below before the Hon. P. W. Gray.

Randolph, the appellee, instituted this suit against A. J. McGown and D. D. Davies upon their written instrument as follows:

"We this day release W. H. Randolph from the Advocate and Presbyterian office in toto, without any charges ever after this to be brought against him. The office is now indebted to him two hundred and eighty dollars 42-100, to be paid in arrangements that he can make or collect.

D. D. Davies.

A. J. McGown."

June 3, 1856.

The plaintiff set forth in his petition that he and defendant, McGown, had been partners in the publication of a newspaper styled the "Union Advocate" in the "Presbyterian" office, then belonging to McGown; that plaintiff sold all his right, title and

McGown v. Randolph.

interest in the Advocate to the defendants as co-partners, who on settlement were indebted to him in the sum of $280 42, for which they executed their written instrument, above set out; and that the defendants, though often requested, had refused to allow the plaintiff any claims, or to make any arrangements whereby he could collect his said debt, and have refused to pay the same or any part thereof. Wherefore, prays for judgment for the said sum and interest.

Both defendants were served with process, but Davies made no appearance or defence.

The defendant, McGown, answered with a general denial, and, also, answered specially, under oath, denying that he ever was a partner of the plaintiff, alleging that he had simply allowed the plaintiff the use of his printing office, types, &c., for the publica-tion of the Advocate at the plaintiff's own expense; that if plain-tiff made any profits in the publication of the Advocate, he was to pay half of them to this defendant; that if plaintiff made no profits, defendant was to receive no pay. Denies that he ever pur-chased any interest in the Advocate from the plaintiff, or that he and his co-defendant, Davies, were partners, either in the purchase of the Advocate from the plaintiff, or in its publication. Alleges that on the settlement referred to by the plaintiff, the latter claimed to be loser of about two hundred and eighty dollars in the publication of the Advocate, and, in consequence, this defendant released him, as he had agreed to do, from all charges for the use of the office, type, &c.; and averred that the written instrument sued on was only intended by plaintiff and this defendant as evi-dence that defendant did not and would not charge the plaintiff anything for the use of the office, &c., and was intended for no other purpose, so far as this defendant was concerned. Further alleges that said instrument was not intended to evidence any indebtedness to plaintiff from this defendant, but was intended to operate and apply only between plaintiff and Davies, on an ar-rangement or contract between them in relation to the said Union Advocate paper. That if said written instrument be construed to affect this defendant further than as a release, the same, except as

a release, is wholly without consideration, and void as to this de-
fendant.

The plaintiff amended his petition by striking out the allegation
that the defendants were partners.

At the Spring Term, 1857, there was a mistrial, in consequence
of disagreement of the jury. Thereupon the plaintiff propounded
interrogatories to the defendant, Davies, for the purpose of estab-
lishing by his answers the allegations of the petition. Notice,
with a copy of the interrogatories, was served on the attorney of
defendant, McGown, and the plaintiff sued out a commission to the
chief justice, district clerk, or any notary public of Leon county,
to take the answers of Davies. The commission was executed
and returned with the answers of Davies, certified in the usual
form.

The defendant, McGown, filed no cross-interrogatories to Davies,
but on the trial at the ensuing term of the court, moved to strike
Davies' answers to the plaintiff's interrogatories from the file,
assigning for cause, 1st, that they were not taken in pursuance
of law, because Davies was not a competent witness against his
co-defendant; 3d, because the testimony of one defendant is not
admissible against another in this manner; and 4th, because his
co-defendant's testimony is not admissible against this defendant.

The court overruled the motion, and permitted the answers to
go to the jury as evidence for the plaintiff.

· The court instructed the jury to the effect set out in the syl-
labus. There was verdict and judgment in favor of the plaintiff
for $292 32. McGown moved for a new trial and in arrest of
judgment; both of which motions were overruled, and McGown
appealed.

*Leigh & Baker*, for plaintiff in error. In the rulings of the
court below, there is error; 1st, because the answers of Davies
were not taken in accordance with law. And here the question
arises, by what authority, or under what law, could the plaintiff
sue out a commission authorizing the officer to whom it was di-
rected to compel the defendant, Davies, to come before him and

answer the interrogatories propounded? We answer, that there is no law to authorize such a proceeding. The means by which either party to a civil suit may obtain the testimony of the other are clearly set forth in article 735 of Hartley's Digest, and under that statute no party could be compelled to testify either for or against himself. And there is but one penalty affixed to the neglect or failure of the party to answer, and that is that the facts about which he has been interrogated shall be taken for confessed. But in this case the plaintiff was not content with this penalty. The defendant, Davies, was forced upon the stand, and made to testify, and his testimony was held to be legal and competent, both against himself and against McGown. But, again: Is it contemplated by this statute that the answers of one should be evidence against all the defendants? We think not; for if such be the case, the neglect or failure of the one interrogated to answer, would be construed into a confession of the fact by all of the defendants.

In interpreting a statute, we are required to consider all of its parts in order to enable us to come to a proper conclusion as to the intent of the language and the meaning of the law; and surely it will not be contended that the neglect of one defendant to answer would be a confession of all the defendants. But such would be the case, if the answer of one were binding evidence upon all. But the truth is, the statute never contemplated the filing of interrogatories to one of the plaintiffs or one of the defendants. Such is not the meaning or intent, and to prove this, let us refer to the article 735 itself. What says it? That either party to a civil suit, &c., (not one of either party,) may propound written interrogatories to the other, (not to one of the other party.) Then it is clear, at least to our minds, that the plaintiff in the court below should have propounded his interrogatories to both of the defendants, and that he had no right under the statute to propound to one. At any rate, the answers to interrogatories thus propounded cannot be evidence against the other defendant.

2. The defendant, Davies, is not a competent witness against McGown. This position we think tenable upon the ground of interest. Already had Davies permitted one court to pass, after he

had been duly cited, before interrogatories were propounded to him. It is true, that he had not been condemned to pay the amount of the instrument sued on; but he had failed to answer, and was subject to judgment by default, and he might well have argued, that whatever amount there may be, it would be well for him to divide the responsibility.

*A. P. Wiley* and *A. Middleton*, for the defendant in error.

WHEELER, C. J. We are of opinion that the court did not err in the instructions to the jury as to the legal interpretation of the contract and undertaking on the part of the defendants.

We think it competent for the plaintiff to propound interrogatories to one only of several defendants under the statute. He may be willing to make one of them a witness to testify against his interest, when he would not another, or one of them may be cognizant of the facts, and the other not. The answers of the defendant appear to have been taken in conformity to the statute. (Hart. Dig., 735, 739.)

The only remaining question which seems to require notice is whether the answers of the defendant, Davies, were admissible against his co-defendant. And we are of opinion that they were, and entitled to the same weight as the testimony of any other witness. He was not incompetent merely because a party to the record. (Parsons v. Phipps, 4 Tex. R., 341.) He was not disqualified by his interest, because it was adverse to the party calling him, and in favor of the party objecting to his deposition. (Id.; Tucker v. Willis, 24 Tex. R., 247; Gill v. Campbell, Id., 405.)

The objection that his co-defendant did not have the opportunity to cross-examine, we do not think well founded in fact. The requisite notice was given of the taking of the deposition of the witness, and the appellant might have propounded interrogatories if he had seen proper.

We are of opinion that there is no error in the judgment, and it is affirmed.

Judgment affirmed.